IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES ALPINE, § | |
| (a/k/a Charles Alpine) § | |
| (a/k/a Charles Willie Alpine) § | |
| (a/k/a Charles Al-pine) § | |
| (TDCJ-CID #1422624) § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-12-3438 |
| § | |
| WARDEN R. WATHEN, *et al.,* § | |
| § | |
| Defendants. § | |

**MEMORANDUM ON DISMISSAL**

Charles Alpine, a Texas Department of Criminal Justice inmate, sued in November 2012, alleging a denial of due process. Alpine, proceeding *pro se*, sues R. Wathen, Warden of the Allred Unit, and R. Stivers, head of the grievance board, alleging that prison officials did not investigate and address his grievances; he seeks punitive damages of $120,000.00. Because Alpine's claims are barred by the three-strikes provision of 28 U.S.C. § 1915(g), this case must be dismissed.

A prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while he was incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Alpine's litigation history reveals that before filing this action, he had at least six suits dismissed as frivolous. *Alpine v. Reno,* 1:96-47 (D.D.C.) (dismissed as frivolous on January 17, 1996); *Alpine v. Reno,* 1:95-966 (D.D.C.) (dismissed as frivolous on May 24, 1995); *Alpine v. Reno,* 1:94-2155 (D.D.C.) (dismissed as frivolous on

October 6, 1994); *Alpine v. Reno,* 1:94-2467 (D.D.C.) (dismissed as frivolous on November 16, 1994); *Alpine v. Casteel*, 4:93-2007 (S.D. Tex.) (dismissed as frivolous on August 18, 1993); and *Alpine v. Legg*, 4:93-1845 (S.D. Tex.) (dismissed as frivolous on August 11, 1993). He has also had at least one suit dismissed because it was barred by the three-strikes provision. On June 30, 2005, Alpine filed Civil Action Number 4:05-2233 against Deputy Gerald Pitts, Sheriff Tommy Thomas, and Deputy R. D. Williams, complaining about cell conditions. On July 7, 2005, the federal court dismissed Alpine's complaint as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

In the present case, Alpine has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Alpine is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action and this case is dismissed.

Alpine's motion to proceed as a pauper, (Docket Entry No. 2), is denied. The complaint filed by Charles Alpine, (TDCJ-ID #1422624), is dismissed under 28 U.S.C. § 1915(g).[1] All pending motions are denied. Alpine is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

    (1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissing all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on December 3, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge